MILLER RUBBER COMPANY v. McKENNON.

Opinion delivered December 5, 1921.

1. CORPORATIONS—PREFERENCE BY INSOLVENT CORPORATION.—A rubber company sold tires to an insolvent corporation on credit without reserving the title. On a failure of the corporation to pay for them, it was agreed that the title to the tires should revert to and remain in the rubber company until the entire purchase

money should be paid.  *Held* that such agreement was an attempt by an insolvent corporation to prefer one creditor over another, which is prohibited by Crawford & Moses' Dig., § 1789.

2.  APPEAL AND ERROR—PRESUMPTION IN FAVOR OF DECREE.—Where, in a proceeding by a creditor to wind up an insolvent corporation, appellant intervenes claiming a preferential right to certain assets of the corporation, and another creditor, within 90 days from the giving of such preference, filed an answer to the intervention, but the answer does not appear in the transcript, it will be presumed, on appeal from a decree setting aside the appellant's preference, that the answer omitted from the transcript attacked the validity of such preference.

Appeal from Sebastian Chancery Court, Ft. Smith District; *J. V. Bourland,* Chancellor; affirmed.

*Fadjo Cravens* and *Ira D. Oglesby,* for appellant.

An insolvent debtor may prefer one creditor over another, if the transaction is in good faith and the consideration is not palpably inadequate.  56 Ark. 414; 28 *Id.* 32; 31 *Id.* 666; 26 *Id.* 20; 12 R. C. L., par. 91 and 95. The rule applies to corporations as well as to persons. 59 Ark. 562.  The burden is on the protesting creditor to establish fraud.  18 Ark. 123.  A pre-existing debt affords a good consideration for a preference by an insolvent debtor.  20 S. W. (Ark.) 807; 63 Ark. 232; 56 *Id.* 414.

A contract for the sale of personal property whereby the seller retains title until the purchase money is paid, is valid and binding.  *Sternberg* v. *City National Bank,* 149 Ark. 432.

*Webb Covington* and *James B. McDonough,* for appellee.

1.  The attempted contract is void because not made by the directors of the company.  36 Ark. 178; 47 *Id.* 269; 109 *Id.* 584; 62 *Id.* 7; 79 *Id.* 45; 71 *Id.* 358; 37 *Id.* 164; 55 *Id.* 473; 54 *Id.* 58; 103 *Id.* 283; 84 *Id.* 44; 62 *Id.* 33.

2.  The Fort Smith Tire & Rubber Company was insolvent on and before March 17, 1921.  The statute, C. & M. Digest, § 1798, declares against any preference among creditors of insolvent corporations, and § 1800, *Id;* makes

every such preference absolutely void. As to what constitutes insolvency, see 63 Atl. 1097; 29 Fed. Cases, 637; 54 U. S. 57; 9 N. Y. 594; 87 S. W. 898.

3. On appeal, and in the absence of a showing that the record contains all of the evidence, it will be presumed that the facts were sufficient to justify the finding of the trial court. 129 Ark. 193; 128 *Id.* 39; 144 *Id.* 436; 145 *Id.* 435; 146 *Id.* 232.

HUMPHREYS, J. This is an appeal from a decree of the Sebastian Chancery Court, Fort Smith District, denying the prayer of an intervention by appellant for automobile tires, or the proceeds thereof, sold to the Fort Smith Tire & Rubber Company, which intervention was filed by appellant in a suit instituted by Charles McKennon against the Fort Smith Tire & Rubber Company in said court to conserve its assets for the benefit of its creditors and stockholders and to prevent further dissipation of its assets through the alleged reckless and extravagant management of its affairs by its officers. The suit instituted by Charles McKennon on the 21st day of April, 1921, against the Fort Smith Tire & Rubber Company was a proceeding, according to the allegation of the bill, in effect, against the corporation by a stockholder under the insolvency act in this State of date April 14, 1893, and digested as sections 1798 to 1800, inclusive, of Crawford & Moses' Digest of the Statutes of Arkansas. The prayer of the bill filed in the insolvency proceeding was for the dissolution of the corporation and the appointment of a receiver to take charge of the assets and distribute the proceeds thereof among creditors as their right might appear. A short time thereafter a receiver was appointed, who qualified and took charge of the assets and affairs of said corporation.

The intervention filed by the appellant in the insolvency proceeding, in substance, alleged that on the 17th day of March, 1921, it sold automobile tires to the Fort Smith Tire & Rubber Company in the sum of

$10,151.66, retaining the title to same until the full purchase price was paid, and that only $1,719.07 had been paid on the purchase price of said tires, leaving a balance due appellant in the sum of $8,432.59; that a large number of the tires were in possession of the receiver appointed by the court to take charge of the assets of the Fort Smith Tire & Rubber Company. The intervention was filed on the 27th day of April, 1921, and prayed that the receiver be ordered to deliver the tires remaining in his possession to appellant.

Charles McKennon, who instituted the proceedings of insolvency, died, and the suit was revived in the name of Leta McKennon, administratrix of the estate of Charles McKennon, deceased.

Preliminary orders were made, directing the receiver to notify all creditors of the Fort Smith Tire & Rubber Company of the pendency of the suit and intervention of the appellant, and to appear and file any claims they might have against the Fort Smith Tire & Rubber Company on or before the 17th day of May, 1921; also to make an inventory of all the property and to separate the tires claimed by appellant from the other assets.

The Arkansas Valley Bank, of Fort Smith, a large creditor of the Fort Smith Tire & Rubber Company, filed an answer contesting the right of appellant to possession of the tires under its alleged contract of date the 17th of March, 1921, with the Fort Smith Tire & Rubber Company, in which the title to said tires was retained in appellant until the purchase price thereof was fully paid. The answer of the Arkansas Valley Bank to the intervention of appellant does not appear in the transcript, and the record is silent as to the ground upon which the bank contested appellant's right to the tires.

The decree of the court recites that the intervention of appellant, the answer thereto of the Arkansas Valley Bank and the other creditors, in so far as they were represented, were submitted on the 18th day of

May, 1921, for determination upon the pleadings and testimony introduced by the respective parties in open court. The facts reflected by the testimony are, in substance, as follows: the Fort Smith Tire & Rubber Company was a corporation engaged in the automobile tire business in Fort Smith. Its business was conducted by W. B. Hodges as general manager. Minutes were not kept of the meetings of the board of directors and the business transacted by them. In the course of business the corporation became heavily indebted to many persons, thirty-two in number, the Arkansas Valley Bank being a creditor to the amount of eleven or twelve thousand dollars in 1920. Payments were made upon the indebtedness to the bank which reduced the amount to about $10,000 in February, 1921. Being unable to pay the balance, three renewal notes covering the amount were given at that time to the bank.

In December, 1920, a large bill of tires was purchased on credit from appellant, for the purchase price of which drafts were drawn and accepted, payable at a future date. The tires were delivered January 1, 1921, and placed in stock. When the acceptances matured, being unable to pay them, the manager, with the knowledge and consent of the directors, but without authority conferred by formal resolution, entered into a written contract on March 17, 1921, of resale and purchase of the tires remaining in stock for a specified consideration of $10,151.66, payable in installments each Saturday night in amounts equal to the net sales of the tires during the preceding week, with a reservation of the title to appellant in the unsold tires until the entire purchase money should be paid, and part of the tires were sold and appellant was paid $1,719.07 on account, leaving a balance of $8,432.59 due appellant at the time the receiver was appointed.

The tires purchased from appellant and placed in stock on January 1, 1921, were carried as a liability in the statement made by the general manager on the first day of the year. The indebtedness to the Arkan-

sas Valley Bank existed prior to the purchase of the tires, and credit was not extended by said bank, or other creditors, on account of the tires being included in the statement showing the assets and liabilities of the Fort Smith Tire & Rubber Company.

Appellant contends that, under the law and the evidence, the court should have ordered a return of the tires or their equivalent in money, instead of adjudging it a general creditor. It invokes, in support of its contention, the doctrine that a contract is binding between the parties thereto and their creditors in which a vendor retains title to the property sold until the purchase money is paid. This rule was announced by this court in the recent case of *Sternberg* v. *City National Bank,* 149 Ark. 432. The rule, however, is not applicable to the instant case. The title to the tires had passed to the Fort Smith Tire & Rubber Company under an outright sale and delivery on or about January 1, 1921, and when the purchasing company could not pay for them it was agreed, on March 17, 1921, that the title to the tires should revert to and remain in appellant until the entire purchase money should be paid. While this arrangement worked out an equitable result and contained no elements of actual fraud, it was a method adopted by the parties to secure an unsecured claim of appellant. In other words, it was an attempt on the part of an insolvent debtor, in good faith, to prefer one creditor to another. Preference between creditors of insolvent corporations, except for wages and salaries of laborers and employees, are inhibited by the insolvency act in Arkansas. Crawford & Moses' Digest, § 1798. It is made mandatory upon chancery courts to set aside preferences of this nature in proceedings under the insolvency act.

Section 1800 of Crawford & Moses' Digest, relating thereto, is as follows: "Every preference obtained or sought to be obtained by any creditor of such corporation, whether by attachments, confession of judgment or otherwise, and every preference sought to be

given by such corporation to any of its creditors, in contemplation of insolvency, shall be set aside by the chancery court and such creditor shall be required to relinquish his preference and accept his *pro rata* share in the distribution of the assets of such corporation; provided, no such preference shall be set aside unless complaint thereof be made within ninety days after the same is given or sought to be obtained.''

It is contended however by appellant that no complaint was made of the preference, if given, within ninety days after the same was obtained. The burden is upon appellant to show that the decree of the trial court is erroneous. It has failed to show that no attack was made upon the preference by the Arkansas Valley Bank. The record shows that the cause was heard upon appellant's intervention and the answer of the Arkansas Valley Bank thereto. The transcript certified to this court does not contain the answer filed by the Arkansas Valley Bank. This court must presume that the decree rendered by the court was within the issues presented by the intervention and the answer. The contract relied upon by appellant was executed on the 17th day of March, 1921, and the decree appealed from was rendered the 18th day of May, 1921. The answer of the Arkansas Valley Bank contesting the intervention of appellant was necessarily filed within ninety days after the preference was obtained.

Contentions for the affirmance of the decree are made by appellee upon other grounds, but it is unnecessary to consider them, as the decree must be affirmed upon the ground set out in this opinion.

No error appearing, the decree is affirmed.